IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTRELL PLUMMER, B14235, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-939-DWD |
| | ) |
| CALEB CLOE, | ) |
| JUSTIN BRYANT, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendants Caleb Cloe and Justin Bryant ("Defendants") affirmative defense that Plaintiff Contrell Plummer failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The Court held a *Pavey* hearing on December 19, 2022, to make findings about exhaustion in this case. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008). At the conclusion of the hearing, and after careful consideration of the evidence, the Court finds that Plaintiff failed to exhaust his administrative remedies, so Plaintiff's claim is dismissed for failure to exhaust pursuant to § 1997e(a).

## BACKGROUND

Plaintiff signed his complaint on September 14, 2020. (Doc. 1) Upon initial review, the Court allowed one claim to proceed:

Claim 1: Eighth Amendment deliberate indifference claim against Defendants Cloe and Bryant.

(Doc. 13). The Court denied Defendants' Motion for Summary Judgment on the Issue of Exhaustion because it determined that the issue could not be resolved without a hearing. (Doc. 30).

The Defendants requested a hearing, and the Court issued a schedule for a hearing on December 19, 2022. (Doc. 32). Per the schedule, Defendants were to file witness and exhibit lists three weeks prior to the hearing—by November 28, 2022. Defendants missed the deadline. On November 14, 2022, Plaintiff filed a Motion for Miscellaneous Relief, wherein he expressed his intent to stand on the arguments and evidence that he already presented in response to summary judgment. (Doc. 35). On December 8, 2022, Defendants filed a Motion to Continue the Hearing, and they simultaneously submitted witness and exhibit information as required by the schedule. (Docs. 37, 29). On December 9, 2022, the Court denied the requested continuance finding that despite the late filing of the witness and exhibit information, Plaintiff and the Court still had adequate time to review the Defendants' materials in advance of the hearing. (Doc. 38). On December 19, 2022, the hearing was held via videoconference.

## FINDINGS OF FACT

The parties agree that the only grievance relevant to this lawsuit is the January 21, 2020, grievance that Plaintiff filed at Pinckneyville—Grievance No. 256-01-20. (Doc. 27-3 at 1-10). On February 6, 2020, the Chief Administrative Officer (CAO) concurred with the grievance officer's recommendation that the grievance be denied. (*Id.* at 2). The parties disagree about what happened next.

Plaintiff contended at summary judgment and at the hearing via his own sworn testimony that on February 8, 2020, he signed and dated the "Offender's Appeal to the Director" box on the grievance officer's report. (*Id*.). He contends that he transmitted the grievance to the ARB the same day.

By contrast, at the hearing, Grievance Officer Michelle Lively testified that per Pinckneyville's internal grievance log, Plaintiff's grievance with the CAO's signature was not returned to him until February 11, 2022. Lively testified that the internal grievance log is a document kept in the ordinary course of business that the institution uses to track offender grievances from initial receipt through the return of the final level of appeal at the institution—which is the CAO's review. The internal grievance log was admitted into evidence as Exhibit D at the hearing.[1] The grievance log shows that Grievance No. 256-01-20 was initially received on January 27, 2020, it was signed by the CAO on February 6, 2020, and it was returned to the inmate on February 11, 2020. When asked if she personally saw Plaintiff mail his grievance, Lively indicated that she never witnessed that step of the process. She additionally testified that she is not aware of grievances being lost during the various stages of review at Pinckneyville.

Ryan Kilduff, a chairperson of the Administrative Review Board (ARB) also testified at the hearing about the ARB's receipt of Grievance No. 256-01-20. Kilduff testified that once an inmate properly lodges an appeal, the grievance travels via internal mail to the ARB office in Springfield, Illinois. Once received, the ARB opens and stamps

---

[1] Although the exhibit was offered into evidence at the hearing, and was shared on screen during the hearing, Exhibit D has not been filed on the public docket sheet in the CM/ECF filing system. Defendants are DIRECTED to file a copy of the exhibits so that the record is complete.

the grievance with a date received stamp. Grievance No. 256-01-20 was received on April 1, 2020. Kilduff testified that he generally believes the mail takes about 8 days to reach the ARB, and he has not seen a delay more than a few days or a week. During the relevant period even with the global pandemic, the ARB staff reported to the office in a one-person-per-day rotation to process incoming mail in a timely fashion. Plaintiff's grievance was completed by the ARB on August 5, 2020, and it was returned.

## CONCLUSIONS OF LAW

### A. Legal Standards

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). "At *Pavey* hearings, judges may hear evidence, find facts, and determine credibility. After finding facts, the district court may allow a claim to proceed or dismiss it for failure to exhaust." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (internal citations omitted).

For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. As an inmate in the Illinois Department of Corrections (IDOC), Plaintiff must follow the grievance process outlined in the Illinois Administrative

Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. If an inmate is unsatisfied with the outcome at the facility he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a). However, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," then the grievance procedure becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate who placed a timely ARB appeal in his chuckhole for mailing, but whose grievance was apparently lost, did all that he could to follow exhaustion procedures).

B. Analysis

The Court held a *Pavey* hearing in this matter to find facts and to review the credibility of the witnesses. At the hearing, Plaintiff opposed Defendants' witnesses and evidence on the basis that Defendants did not follow the Court's scheduling order[2] which required disclosure of the witnesses and exhibits three weeks prior to the hearing.

---

[2] The scheduling order in question is a schedule that the Court set to facilitate the Pavey hearing. (Doc. 32). It is not the initial scheduling order (Doc. 24) in this case which governed early discovery, nor is it the merits discovery schedule which has not yet been issued. While the latter two scheduling orders fall within the purview of Federal Rule of Civil Procedure 16(b), and may also implicate the Federal Rules of Civil Procedure that apply to discovery, the specific schedule at issue in this case was set for convenience and does not fall within those parameters. The scheduling order at issue is best considered under Federal Rule of Civil Procedure 6(b), which allows for the modification of a schedule upon a showing of good cause and excusable neglect. *See e.g. McCann v. Cullinan*, 2015 WL 4254226 at *6-10 (N.D. Ill. 2015) (describing the differences between requests for extension under different rules). Defendants' counsel explained that she inadvertently missed the deadline for witness and exhibit lists because it was set less than a month from the date the schedule issued, and she was occupied with many pending matters. (Doc. 37). As soon as counsel realized her error (within 10 days of the lapsed deadline), she immediately moved to remedy the problem.

Plaintiff argued that because the Defendants were untimely in tendering this information, he was unduly prejudiced. Plaintiff cited case law in support of his argument. The Court allowed the witness testimony and admitted the Defendants' exhibits over Plaintiff's objection because it concluded that Plaintiff's argument relied on legalese and lacked a substantive basis. In large part, the witnesses testified to evidence already presented in support of summary judgment. The only exception was the grievance log that Lively testified about, but counsel averred that the grievance log had been tendered to Plaintiff with the initial disclosures for this case, per the Court's initial scheduling order. Plaintiff did not identify any witnesses or exhibits that he would have presented if given greater advance notice about the Defendants witnesses or exhibits. The Court noted that in preparation for the hearing, Plaintiff filed a motion indicating that he wished to stand on his previously filed response to summary judgment (Doc. 35). Given the foregoing analysis, the Court finds that Plaintiff was not significantly prejudiced by the late filing of the witness and exhibit lists, and counsel established good cause and excusable neglect such that it was proper to allow the evidence at the hearing.

Turning to the merits of the exhaustion defense, the Defendants had the burden to show that Plaintiff failed to exhaust his administrative remedies in a timely fashion. Grievance Officer Lively testified credibly that per the internal grievance log, Plaintiff did not receive the CAO's response until February 11, 2020. Taking Lively's testimony as true, it would have been impossible for Plaintiff to sign and date his appeal on February 8, 2020. Additionally, ARB chairperson Kilduff credibly testified that the ARB receives and stamps mail in a timely and expeditious fashion, and that mail is generally received

within 8 days. Regardless of whether Plaintiff received his grievance on February 8 or 11 of 2020, and immediately signed and transmitted it to the ARB, there is no apparent reason that the grievance would have taken until April 1, 2020, to arrive. Kilduff testified that the ARB continued to receive and process mail and to date stamp things during the relevant period.

When compared with the credible testimony by Lively and Kilduff about the grievance processing during the relevant period, the Court finds that Plaintiff's own testimony about his February 8, 2020, submission of the appeal is not credible. Plaintiff does not have any evidence to support his assertion that he signed and transmitted his appeal on February 8. By contrast, the Defendants have tangible evidence in the form of the grievance log, which is kept in the ordinary course of business. Plaintiff did not substantively attack the grievance log either via his own testimony, via cross-examination of Lively, or via argument at the hearing.

The Court previously noted during consideration of the summary judgment motion that Plaintiff's situation appeared to be similar to the scenario considered in *Dole*, where the Seventh Circuit found that an inmate had done all he could to exhaust administrative remedies by placing a timely appeal to the ARB in his chuckhole to be mailed. In *Dole*, the inmate's mail to the ARB was apparently lost, but the Court found that the error was a misstep by the prison system, not the inmate, so the inmate could not be faulted for a failure to exhaust. *Dole*, 438 F.3d at 809. After hearing the testimony, the Court does not find that Plaintiff's situation is analogous to *Dole*. Plaintiff has never directly contended that his grievance was lost and did not offer testimony that it was lost.

Although he attempted to elicit testimony about the possibility of a lost grievance at the hearing, any such testimony would have been irrelevant because Plaintiff's own grievance was not lost.

Instead, Plaintiff simply contends that his grievance somehow took nearly two months to reach the ARB. Plaintiff has not tendered any evidence to support his contention that he sent his grievance on February 8, but it somehow took nearly two months to arrive at the ARB. The alleged February 8 appeal mailing date is contradicted by the prison grievance log, and the alleged two-month delay in ARB's receipt is contradicted by Kilduff's testimony that grievances usually take about 8 days to arrive, and they were continuously being received and logged during the relevant period. Plaintiff demonstrated a good command of the grievance process at the hearing, so any error does not appear to be the result of a misunderstanding. Plaintiff's testimony that he signed his grievance on February 8 is simply not realistic or credible in the view of the Court, particularly when compared to other tangible evidence. In light of the evidence presented at the hearing, the Court finds that the Defendants have met the burden to establish failure to exhaust, so Plaintiff's case must be dismissed.

## DISPOSITION

The Defendants are **DIRECTED** to file a copy of the exhibits from the December 19, 2022, Pavey hearing so that the record is complete.

Plaintiff Contrell Plummer's Eighth Amendment deliberate indifference claim against Defendants Cloe and Bryant is **DISMISSED** for his failure to exhaust

administrative remedies as is required by 42 U.S.C. § 1997e(a). The Clerk of Court is **DIRECTED** to **CLOSE** this case and to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: December 22, 2022

DAVID W. DUGAN
United States District Judge

### NOTICE

If Plaintiff wishes to contest this Order, he can either file a motion under Federal Rules of Civil Procedure 59(e) or 60(b), or he can appeal to the Seventh Circuit Court of Appeals within 30 days of the judgment or order appealed from, FED. R. APP. P. 4(a)(1)(A). The grounds under Rules 59(e) and 60(b) are quite narrow. For example, newly discovered evidence that was not previously available is a basis for relief under either rule, as is a manifest error of law. These rules are not intended as a forum to rehash previously considered arguments. If Plaintiff chooses to appeal to the Seventh Circuit Court of Appeals, he must file a notice of appeal in this Court, and he must pay a filing fee of $505, or apply for in forma pauperis (IFP) status. FED. R. APP. P. 3(a), 3(e). An IFP application must be accompanied by a prison trust fund account statement, as well as an outline of the issues to be presented on appeal. FED. R. APP. P. 24(a)(1)(C). If IFP status is granted, Plaintiff will be assessed a partial filing fee, with the balance due and owing over time regardless of the outcome of his appeal.